IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIA MELENDEZ                       :

   v.                                 :   Civil Action No. DKC 14-3636

BOARD OF EDUCATION FOR                :
MONTGOMERY COUNTY                     :

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a motion to compel, with supporting documents, seeking access to the entire personnel file of Tony Hopkins, her supervisor. (ECF No. 60). Plaintiff's motion also seeks the court to compel Defendant to respond to "Plaintiff's First Set of Interrogatories No. 7" ("interrogatory number 7"). (*Id.*) For the following reasons, the motion will be granted in part and denied in part.

The standard for considering disclosure of a personnel file is a balancing test:

> In determining whether it is appropriate to compel the discovery of personnel files, courts in the Fourth Circuit have balanced the importance of personal privacy and accurate employee evaluations against the countervailing interest in broad discovery that provides each party with the information necessary to present their complete case before the court. *See Kirkpatrick v. Raleigh County Bd. of Educ.*, 78 F.3d 579 (4th Cir. 1996) (Table); *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105 (E.D.N.C. 1993).

> This test generally favors non-disclosure: personnel files, even if relevant, are only discoverable in "limited circumstances," such as when the "need for disclosure is compelling because the information sought is not otherwise readily available." *United States EEOC v. McCormick & Schmick's Seafood Rests.*, No. DKC-11-2695, 2012 WL 3563877 (D.Md. Aug. 16, 2012); *Bennett v. CSX Transp., Inc.*, No. 5:10-CV-00493-BO, 2011 WL 4527430 (E.D.N.C. Sept. 26, 2011).

*Hemphill v. ARAMARK Corp.*, No. ELH-12-1584, 2013 WL 1662963, at *2 (D.Md. Apr. 15, 2013). As another judge within this district noted:

> Personnel files are discoverable only in "limited circumstances" given that "personal privacy and accurate, employee evaluations are important public policy concerns." *Weller v. Am. Home Assurance Co.*, No. 3:05-cv-90, 2007 WL 1097883, at *6 (N.D.W.Va. Apr. 10, 2007) (quoting *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105 (E.D.N.C. 1993)) (internal quotation marks omitted). In an unpublished decision, the Fourth Circuit indicated that personnel files are discoverable if they contain information relevant to the subject matter of a case and the need for the information outweighs the fileholders' privacy interests. *See Kirkpatrick*, 1996 WL 85122, at *2.

*McCormick & Schmick's*, 2012 WL 3563877, at *4.

Here, Plaintiff baldly asserts that the personnel file is relevant, suggesting that it might contain evidence that Mr. Hopkins has discriminated in the past. Surely disciplinary actions, if taken in response to allegations similar to those at

2

issue in this case, might be relevant and discoverable. However, Defendant states that there are no such actions within the personnel file and, as discussed below, Plaintiff can receive the requested information without obtaining the entire personnel file. (ECF No. 60-1, at 6). Plaintiff wants the opportunity to see for herself, but the discovery principles don't allow that. Otherwise, a personnel file contains very sensitive and private information that has not been shown to be relevant to Plaintiff's claims. Broadly allowing access to such sensitive materials, which Defendant has a duty to keep confidential, without a specific indication of relevance is not appropriate. Accordingly, Plaintiff's motion to compel production of the personnel record is denied.

However, Plaintiff is correct that a response to her interrogatory regarding Mr. Hopkins' disciplinary actions may be relevant to her case. Interrogatory number 7 requests, "the number of reprimands or disciplinary actions brought against Tony Hopkins by [Defendant] at any point while employed with [Defendant]". (ECF No. 62, at 6). Information regarding past reprimands or disciplinary actions brought against Mr. Hopkins for conduct *similar to the conduct alleged in this case* is discoverable. *Davis v. Rouse*, No. WDQ-08-3106, 2011 WL 2748737, at *2 (D.Md. May 31, 2011) (denying motion to compel production

3

of the entire personnel record, but compelling the defendant to "provide summary information" regarding relevant information sought by the plaintiff); *see also McCormick & Schmick's*, 2012 WL 3563877, at 6 (compelling production of records because the managers were involved in the allegedly discriminatory employment actions taken) (citing cases). Defendant asserts that no such record exists in its opposition brief (ECF No. 60-1, at 6), but Plaintiff is entitled to a response to an interrogatory sworn under penalty of perjury. Providing an answer to interrogatory number 7, limited to reprimands or disciplinary actions brought for conduct similar to this case, does not raise the same privacy concerns as producing an entire personnel file. Accordingly, Plaintiff's motion to compel a response to interrogatory number 7 is granted in part.

For the foregoing reasons, Plaintiff's motion to compel is GRANTED in part and DENIED in part.

                                            /s/
                              DEBORAH K. CHASANOW
                              United States District Judge